### In re MILLER.

### No. 29110.

### District Court, W. D. New York.

### April 29, 1940.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, of Rochester, N. Y., of counsel), for petitioner.

Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y. (Nicholas E. Brown, of Rochester, N. Y., of counsel), for claimant Monroe Warehouse Co., Inc.

Oviatt, Gilman, O'Brien & Barnsdale, of Rochester, N. Y. (Robert L. Griffith, of Rochester, N. Y., of counsel), for claimant Clark Bldg., Inc.

BURKE, District Judge.

Monroe Warehouse Co., Inc., and Clark Building, Inc., filed with the trustee claims for rent for the period subsequent to the appointment of the trustee. The trustee filed objections and a date was fixed for a hearing on the objections. No hearing was had for the reason that the trustee entered into a written stipulation with the attorneys representing the two claimants reducing the claims as filed subject to the approval of the referee. The referee endorsed his approval on the stipulation and filed it. At the final meeting of creditors the referee reduced the rent claims below the amounts which had been agreed upon and approved and allowed a 5% dividend to the Collector of Internal Revenue on his claims for social security taxes and income tax. A final order was entered and checks were mailed to the Collector of Internal Revenue for the dividend as allowed. Before the checks were deposited the referee requested the Collector to withhold deposit. The rent claimants on notice to the Collector moved before the referee for an order amending and resettling the final order of distribution. Over objection of the Collector the referee amended the final order to provide for allowance of the rent claims in the amounts as stipulated and approved and deleting the dividend to the Collector. This proceeding brings up for review the order of the referee.

The Collector contends that the referee had no jurisdiction to amend the final order of distribution by increasing the amounts allowed for the rent claims. The contention is based on the view that the order under review here was made under Section 57, sub. k of the Bankruptcy Act, 11 U.S. C.A. § 93, sub. k, which reads; "Claims

40

which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed." If the application of the rent claimants for relief and the order amending the previous order were made under the section quoted above the Collector would be right in his contention under the authority of In re Jayrose Millinery Co., 2 Cir., 93 F.2d 471, which holds that a creditor whose claim has been allowed for a smaller sum than claimed cannot have a reconsideration under Section 57, sub. k. I do not consider the application and order made as having been made under the quoted section. It fairly appears that the referee inadvertently overlooked the stipulation in regard to the two rent claims which he himself had approved. To correct an order so made under a misapprehension of the facts was within the power of the referee independent of any jurisdiction to reconsider claims conferred by Section 57, sub. k. In re Pottasch Bros. Co., 2 Cir., 79 F.2d 613, 101 A.L.R. 1182.

The order is affirmed.